IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
NOV - 3 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, V...

| | |
|---|---|
| TANDBERG, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ADVANCED MEDIA DESIGN, INC., )<br>    Defendant. ) | Civil Action No. 1:09cv863 |

## ORDER

The matter came before the Court on plaintiff's motion for partial summary judgment with respect to Count I of the Complaint alleging breach of contract. More specifically, plaintiff contends that the undisputed material facts establish that plaintiff shipped to defendant over $3 million of videoconferencing equipment pursuant to the parties' valid contract, and that defendant has failed to pay for this equipment in breach of the contract. In response, defendant argues that the motion is not ripe because it has not had an adequate opportunity to conduct discovery pursuant to Rule 56(f), Fed. R. Civ. P. Defendant moreover contends that its defenses of anticipatory breach and waiver preclude summary judgment for plaintiff on its breach of contract claim.

The parties, by counsel, fully briefed and argued the matter on October 30, 2009, at which time the motion was resolved by a ruling from the Bench. This Order memorializes the bench ruling granting plaintiff's motion.

## I.

The following record facts are material and undisputed:[1]

1. Plaintiff, a Delaware corporation with its principal place of business in Virginia, manufactures videoconferencing equipment. *See* Compl. ¶¶ 1, 5; Answer ¶ 1, 5.

2. Defendant, a California corporation, specializes in providing companies with industry-leading collaborative audio-visual and teleconferencing solutions. *See* Compl. ¶¶ 2, 6; Answer ¶¶ 2, 6.

3. On July 1, 2002, the parties entered into an Authorized Channel Partnership Agreement ("Agreement") under which defendant was named a nonexclusive reseller of plaintiff's products for the regions defined in Schedule A to be the Southwest and Western Territories. *See* Compl. ¶ 7; Answer ¶ 7.

4. Pursuant to the Agreement, customers placed orders with defendant, which then forwarded a corresponding purchase order to plaintiff. Upon receiving the purchase order from defendant, plaintiff shipped the purchased equipment either to defendant or to the customer. *See* Pl.'s Statement of Undisputed Material Facts ¶ 6; Def.'s Br. at 2.

5. Each time plaintiff shipped equipment in response to defendant's purchase orders, defendant would draw down on a credit line and plaintiff would issue an invoice. Under section 2.3 and schedule B of the Agreement, defendant was required to pay the invoice within thirty days of the invoice date. For purposes of this motion, the parties, by counsel, agreed in the course of the October 30, 2009 hearing that defendant was afforded sixty days in which to make payment.[2] Schedule B further provided that late payments were subject to a late fee calculated at 1.5% of the invoiced amount per month.

6. Between January 29, 2009 and June 22, 2009, plaintiff states that it shipped $3,187,975.52 worth of videoconferencing equipment to defendant or defendant's customers. Defendant concedes that it has not paid for $3,180,714.72 worth of equipment. *See* Def.'s Ex. 18. In its reply brief, plaintiff accepted this figure for

---

[1] These undisputed facts are derived from the pleadings, memoranda and declarations relating to the instant motion, and representations made by counsel in the course of the October 30, 2009 hearing. It is worth noting that neither defendant's counterclaims nor any facts material to those counterclaims are addressed here.

[2] Plaintiff initially contended that defendant was required to pay an invoice within forty-five days. In response, defendant argued that sixty days was given as a matter of course.

purposes of this motion.[3] Moreover, the parties, by counsel, agreed in the course of the October 30, 2009 hearing to apply the 60-day payment period with respect to late fees.[4]

7. On May 8, 2009, plaintiff sent defendant a formal notice of termination pursuant to section 7.1 of the Agreement. The notice stated that termination was to be effective on June 30, 2009. *See* Compl. ¶ 8; Answer ¶ 8.

8. Defendant contends that plaintiff anticipatorily breached the Agreement on or about May 20, 2009, by refusing to ship certain products and demonstration equipment that defendant ordered. Plaintiff conceded in the course of the October 30, 2009 hearing that certain orders were cancelled.

9. In the course of the October 30, 2009 hearing, plaintiff asserted—and defendant conceded—that plaintiff filled at least forty-two of defendant's purchase orders between May 8, 2009 and June 22, 2009.

10. Plaintiff disputes or does not admit the following allegations of fact pertinent to the defense of anticipatory breach: (i) placing a hold on defendant's credit line; (ii) cancelling a pre-paid $231,000 order and refusing to refund this sum; (iii) diverting sales from defendant; (iv) failing to provide training, sales samples and aids, promotional materials, and other published technical information; and (v) excluding defendant from the annual America's Summit and InfoComm Convention. These contested facts are assumed to be true for purposes of resolving plaintiff's motion for partial summary judgment.

## II.

The Supreme Court of Virginia in *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009) (citation omitted), recently had occasion to reiterate the settled rule that a party claiming breach of contract must prove (i) the existence of an enforceable contract, (ii) a

---

[3] It should be noted that defendant also asserts that it is owed additional rebates and credits which would lower the balance due to plaintiff. Yet, these assertions are essentially a claim that plaintiff breached the Agreement, and are more appropriately adjudicated in the context of defendant's pending counterclaims. Accordingly, no ruling is made as to defendant's claims to additional rebates and credits.

[4] Plaintiff, by counsel, represented that it calculated the late fees on the $3,180,714.72 figure to be approximately $249,000. In response, defendant's counsel requested additional time in which to confirm the figure's accuracy. Accordingly, defendant was ordered to submit a supplemental memorandum confirming or disputing the late fee calculation.

material violation or breach of that contract, and (iii) a consequential injury or damage to the plaintiff. In this case, there is no dispute that the parties entered into a valid contract, i.e., the Agreement, pursuant to which defendant ordered, received, but did not pay for $3,180,714.72 worth of videoconferencing equipment. Yet, defendant contends that the Agreement is unenforceable because plaintiff anticipatorily breached the Agreement on or about May 20, 2009. In addition, defendant argues that plaintiff waived its right to bring an action to collect the outstanding balance on defendant's account.[5] Each argument is considered in turn.

*A. Anticipatory Breach*

---

[5] Defendant also argues that plaintiff's motion is premature because it has yet to conduct discovery on its defenses, and requests a denial of plaintiff's motion or a continuance on these grounds under Rule 56(f), Fed. R. Civ. P. As required by Rule 56(f), Fed. R. Civ. P., defendant's counsel submitted an affidavit stating with particularity the reasons why defendant cannot yet present facts to oppose plaintiff's motion. *See Wiggins v. DaVita Tidewater, LLC*, 451 F. Supp. 2d 789, 794 (E.D. Va. 2006) (citing *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995)) (denying plaintiff's Rule 56(f) motion because the submitted affidavit did not identify specific facts that would be unearthed following additional discovery). A careful examination of the affidavit, however, reveals that the issues identified as requiring discovery, even assuming their truth, would not preclude an award of partial summary judgment as a matter of law. *See Contemporary Mission v. New York Times Co.*, 842 F.2d 612, 622 (2d Cir. 1988) (affirming district court's denial of Rule 56(f) extension because proposed deponent was not involved in dispute); *Consorcio Prodipe, S.A. de. C.V. v. Vinci, S.A.*, 544 F. Supp. 2d 178, 188 (S.D.N.Y. 2008) ("Alternatively, plaintiffs' Rule 56(f) application is denied because the discovery is not material to a disposition of the motion."); *Merck & Co. v. Mediplan Health Consulting, Inc.*, 434 F. Supp. 2d 257, 266 (S.D.N.Y. 2006) ("[A] continuance [under Rule 56(f)] is unnecessary, for there is no genuine issue of material fact left to be decided." (citation omitted)); *United States v. Harris*, 223 F. Supp. 309, 312 (S.D. Fla. 1963) (denying Rule 56(f) request where affidavit submitted "shows no possibility of the defendant's obtaining any evidence which would contradict the evidence submitted by the United States" with respect to the pertinent legal issue). Accordingly, plaintiff's motion for partial summary judgment is ripe for disposition and defendant's request for denial of plaintiff's motion or for a continuance is appropriately denied. Moreover, the issues identified in the affidavit as requiring additional discovery essentially form the basis of defendant's counterclaims, the merits of which are not addressed in the resolution of plaintiff's motion for partial summary judgment. This Order does not in any way limit defendant's ability to conduct discovery for purposes of establishing its counterclaims.

Under Virginia law, it is well-settled that "if one party to a contract declares in advance that he will not perform at the time set for his performance, the other party may bring an immediate action for total breach of contract." *City of Fairfax v. Wash. Metro. Area Transit Auth.*, 582 F.2d 1321, 1325 (4th Cir. 1978). Importantly, the anticipatory breach doctrine is only applied where exacting requirements are met. As the U.S. Supreme Court has stated, a party arguing anticipatory breach must demonstrate that the other party bound under the contract has made "a positive, unconditional, and unequivocal declaration of fixed purpose not to perform the contract in any event or at any time." *Dingley v. Oler*, 117 U.S. 490, 502 (1886), *cited with approval in City of Fairfax*, 582 F.2d at 1326.[6] The strictness of this requirement is demonstrated by the facts of *Dingley*. In that case, the Supreme Court found no anticipatory breach where a defendant refused to deliver ice for an entire year under the terms of a valid contract because the refusal to perform was conditioned on the market price not increasing during the course of the year. *See id.*

When these principles are applied to the instant dispute, it becomes pellucidly clear that plaintiff did not anticipatorily breach the Agreement. Because defendant concedes that plaintiff continued to ship videoconferencing equipment upon receiving certain purchase orders well into June 2009,[7] plaintiff cannot be said to have *unconditionally* refused to perform the contract *in all*

---

[6] *See also Lake Ridge Apartments, LLC v. BIR Lakeridge, LLC*, 2009 U.S. App. LEXIS 14263, at *7-*11 (4th Cir. July 1, 2009); *Cordon v. Urban Telecomms. Corp.*, 1991 U.S. App. LEXIS 19696, at *5-*6 (4th Cir. Aug. 23, 1991); *Elite Entertainment v. Khela Bros. Entertainment*, 369 F. Supp. 2d 680, 693 (E.D. Va. 2005); *Vahabzadeh v. Mooney*, 399 S.E.2d 803, 805 (Va. 1991) (citations omitted); *Supervisors v. Ecology One*, 245 S.E.2d 425, 427-28 (Va. 1978).

[7] Although it is undisputed that some orders were shipped, it is also undisputed that certain purchase orders were not filled or were cancelled by plaintiff in May and June of 2009.

*circumstances. See id.* Even assuming plaintiff breached the contract in other respects, as defendant alleges in its counterclaims, plaintiff's continued performance under the contract precludes a finding of anticipatory breach as a matter of law. Accordingly, the Agreement is enforceable and defendant's attempt to avoid the Agreement by claiming anticipatory breach fails.

*B. Wavier*

Defendant raises a defense of waiver, which is defined as "an *intentional* relinquishment of a known right." *See Stanley's Cafeteria, Inc. v. Abramson*, 305 S.E.2d 870, 873 (Va. 1983).[8] Accordingly, such a defense requires proof that plaintiff had (i) knowledge of the facts basic to the exercise of the right, and (ii) the intent to relinquish that right. *See Employers Commercial Union Ins. Co. of Am. v. Great Am. Ins. Co.*, 200 S.E.2d 560, 562 (Va. 1973). Importantly, defendant bears the burden of establishing waiver by "clear, precise and unequivocal evidence." *Utica Mut. Ins. Co. v. Nat'l Indem. Co.*, 173 S.E.2d 855, 858 (Va. 1970).

These principles, applied here, clearly compel the conclusion that defendant's waiver argument is facially unavailing. To support its position, defendant points to the May 8, 2009 notice of termination and argues that plaintiff effected a waiver by failing to specifically identify defendant's failure to pay for equipment as a basis for termination. Yet, this fact cannot support an inference of implied waiver because such evidence falls well short of the "clear, precise and

---

As noted *supra*, however, these unfilled orders are the subject of defendant's pending counterclaims, and no judgment is rendered as to those claims here.

[8] A defense of waiver assumes the existence of a contract. *See Autumn Ridge, L.P. v. Acordia of Va. Ins. Agency, Inc.*, 613 S.E.2d 435, 441 (Va. 2005) (citing *Jones v. N.Y. Life Ins. Co.*, 253 P. 200, 203 (Utah 1926)).

unequivocal" standard required by the Supreme Court of Virginia. *Utica Mut. Ins. Co.*, 173 S.E.2d at 858. In addition, section 14.2 of the Agreement explicitly states that no inference of waiver may be drawn from Tandberg's "failure, refusal, neglect, delay, waiver, forbearance or omission by Tandberg to exercise any right(s) under this Agreement or to insist upon full compliance by [AMD] with [AMD]'s duties, obligations or restrictions."

In sum, because it is clear that plaintiff's notice of termination did not constitute a waiver of its right to recover the amount due under the contract, defendant cannot defeat plaintiff's motion for partial summary judgment for breach of contract on this ground.

### III.

For the reasons stated herein and from the Bench, which reasons may be elucidated in a forthcoming Memorandum Opinion, and for good cause,

It is hereby **ORDERED** that plaintiff's motion for partial summary judgment is **GRANTED** as to Count I.

It is further **ORDERED** that defendant submit a supplemental memorandum confirming or disputing the approximately $249,000 late fee owed pursuant to the agreed-upon 60-day payment period by 5:00 p.m., Friday, November 6, 2009.

Given the rulings recorded in this Order, it remains now (i) to determine the total damages award on Count I following submission of defendant's supplemental memorandum on the issue of late fees, (ii) to adjudicate defendant's counterclaims and determine what, if any, damages may be due as a result of the counterclaims, and (iii) to resolve the issue of attorney's fees under section 8.3 of the Agreement pending resolution of defendant's counterclaims.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, VA
November 3, 2009

_____/s/_____
T. S. Ellis, III
United States District Judge